# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ARENAS, | CASE NO. 1:08-cv-01351-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 19) |
| DR. ENANMOH, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendant. | |

Plaintiff Manuel Arenas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 28, 2009, Defendant filed a motion to dismiss on the ground that Plaintiff failed to fully exhaust his administrative remedies prior to filing suit. (Doc. #19.) Plaintiff filed an opposition to Defendant's motion to dismiss on December 2, 2009. (Doc. #20.) Defendant filed a reply to Plaintiff's opposition on December 15, 2009. (Doc. #23.)

**I.    Background**

    **A.    Plaintiff's Complaint**

Plaintiff filed his complaint in this action on September 11, 2008. (Doc. #1.) Plaintiff claims that he suffered a seizure attack on March 10, 2008 because he was repeatedly denied his pain medication. Plaintiff alleges that Defendant Enanmoh was aware of Plaintiff's medical condition and need for pain medication. Plaintiff further alleges that Enanmoh was responsible for ensuring that Plaintiff received his pain medication and was aware that his failure to provide Plaintiff with his medication would cause unbearable pain and the possibility of a seizure.

1

### B. **Defendant's Motion to Dismiss**

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act. (Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss 3:1-5:17.) Defendant argues that proper exhaustion requires Plaintiff to proceed through an initial informal level of appeal, followed by three formal levels of appeal that culminate in a Director's Level Decision. (P. & A. in Supp. of Mot. to Dismiss 4:11-16.) Defendant claims that Plaintiff received an adverse decision at the first formal level of administrative review. (P. & A. in Supp. of Mot. to Dismiss 5:1-6.) Instead of appealing the first formal decision to the second level, Plaintiff did not make any attempt to appeal the first level decision. (P. & A. in Supp. of Mot. to Dismiss 5:6-8.) Defendant provides a declaration from N. Grannis, the Chief of the California Department of Corrections and Rehabilitation's ("CDCR") Inmate Appeals Branch, that states that Plaintiff did not fully exhaust appeal number SATF-M-08-2326. (Decl. of N. Grannis 2:3-12.)

### C. **Plaintiff's Opposition**

In his opposition, Plaintiff argues that appeal number SATF-M-08-2326 is irrelevant to this litigation. (Pl.'s Opp'n to Defs.[sic] Mot. to Dismiss: P. & A. in Supp. Thereof 2:20-3:3.) Plaintiff claims that appeal number SATF-D-06-1736 is the appeal he filed concerning the events described in his complaint. (Opp'n 2:20-3:3.) Plaintiff contends that he appealed SATF-D-06-1736 through the Director's Level. (Opp'n 3:4-6.)

Alternatively, Plaintiff argues that if SATF-M-08-2326 is the appeal relevant to this action, the Court should deem it fully exhausted because Defendant failed to respond to the grievance in a timely manner. (Opp'n 3:15-24.)

### D. **Defendant's Reply**

Defendant responds that appeal number SATF-D-06-1736 was resolved on August 30, 2006. (Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss 2:9-10.) Defendant notes that the events described in Plaintiff's complaint took place in March 2008. (Reply 1:25-27.) Defendant contends that appeal number SATF-D-06-1736 was adjudicated on August 30, 2006 and cannot exhaust Plaintiff's administrative remedies for claims premised on events that occurred in March 2008. Defendant

1  argues that SATF-M-08-2326 is the only appeal that references the events that occurred in March
2  2008. (Reply 2:2-10.)
3     Addressing Plaintiff's arguments with respect to SATF-M-08-2326, Defendant concedes that
4  the response to Plaintiff's appeal was delayed due to personnel shortages. (Reply 2:13-18.)
5  Plaintiff's appeal was submitted on April 29, 2008 and prison officials responded to it on September
6  3, 2008. (Reply 2:13-18.) The response deadline was June 11, 2008. (Reply 2:14-15.) Defendant
7  argues that Plaintiff initiated this lawsuit on September 11, 2008 and had an opportunity to pursue
8  his appeal to the second level but elected not to do so. (Reply 2:18-23.) Defendant asserts that
9  Plaintiff should not be permitted to circumvent the clearly established inmate appeals process by
10 initiating this lawsuit instead of first pursuing his administrative remedies. (Reply 2:23-3:2.)

11 **II.    Discussion**

12    Defendant argues that this action should be dismissed due to Plaintiff's failure to properly
13 exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PRLA). "No
14 action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other
15 Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
16 administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a)
17 exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S.
18 516, 532 (2002). The PLRA exhaustion requirement requires proper exhaustion. Woodford v. Ngo,
19 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and
20 other critical procedural rules. . . ." Id. at 90-91. The proper exhaustion requirement serves two
21 important purposes: 1) it gives an agency the opportunity to correct its own mistakes before it is
22 brought into federal court and discourages disregard of the agency's procedures; and 2) it promotes
23 efficiency because claims can be resolved much more quickly and economically in proceedings
24 before an agency than in litigation in federal court. Id. at 89.
25    Prisoners must exhaust their administrative remedies by completing the prison's
26 administrative process, regardless of the relief sought by the prisoner and regardless of the relief
27 offered by the process, as long as the administrative process can provide some sort of relief on the
28 complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Thus, prisoners cannot evade the

exhaustion requirement by limiting their request for relief to forms of relief that are not offered through administrative grievance mechanisms. Id. (prisoners cannot skip administrative process by simply limiting prayers for relief to money damages not offered through administrative grievance mechanisms). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). However, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense that Defendants have the burden of raising and proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to a non-enumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

    **A.**    **SATF-D-06-1736 Is Not Relevant To This Litigation**

Defendant argues that SATF-D-06-1736 could not have exhausted Plaintiff's administrative remedies with respect to the claims in this lawsuit because the only events referenced in Plaintiff's complaint occurred in March 2008, and SATF-D-06-1736 was filed in 2006.

A review of the facts alleged in Plaintiff's complaint reveals that SATF-D-06-1736 is not relevant to the claims in this action. Plaintiff's complaint alleges that Defendant Enanmoh, the only defendant in this action:

> was a doctor at the substance abuse treatment facility CSP-SATF. At some point between November 2007 and January 2008 Doctor Enanmoh was promoted to the position of chief medical officer (CMO) in both capacities defendant Enanmoh was responsible for the

///

>health care of plaintiff and for ensuring that plaintiff was not without needed pain medications.

(Compl. 2.) It is worth noting that, although Plaintiff alleges that Enanmoh was responsible for Plaintiff's health care "in both capacities" as doctor and chief medical officer, Plaintiff has not made reference to any events before November 2007 and January 2008 when Enanmoh, as doctor and not as chief medical officer, allegedly failed to provide Plaintiff with pain medication.

The only events described in Plaintiff's complaint took place in March 2008. Plaintiff went to the clinic on March 6, 2008 because he was experiencing pain, but was told his pain medication had been discontinued. (Compl. 2.) Plaintiff returned on March 7, 2008 but was again told that his medication had been discontinued. (Compl. 2.) Plaintiff claims that he suffered a seizure attack because he did not receive his pain medication on March 10, 2008. (Compl. 2.)

Plaintiff's complaint also alleges that he "filed and exhausted a 602 appeal regarding pain medication," citing to Exhibit B of his complaint. (Compl. 3.) Exhibit B of Plaintiff's complaint is a letter from the Prison Law Office dated in March 24, 2008. The letter reveals that Plaintiff had a separate issue regarding his pain medication in the fall of 2007. The letter states that the Prison Law Office "last advocated for Mr. Arenas in the fall of 2007 regarding his seizure disorder and his exhausted appeal concerning pain medication." (Compl. Ex. B at 1.) The letter states that "on 3/6 [Plaintiff] went to the clinic because he had not received his Ultram for two days." (Compl. Ex. B at 1.)

Plaintiff had an issue with his pain medication sometime in 2006-2007. Plaintiff exhausted an appeal regarding his pain medication in 2006 by filing appeal number SATF-D-06-1736. The Prison Law Office advocated on behalf of Plaintiff and Plaintiff began receiving pain medication. Plaintiff went to the clinic on March 6, 2008 after he stopped receiving medication for two days. Thus, Plaintiff appears to have had experienced two separate incidents regarding his pain medication. Plaintiff has not linked Defendant Enanmoh to the incident that occurred in 2006-2007. Thus, the claims raised in Plaintiff's complaint only concern the incident that occurred in March 2008. Appeal number SATF-D-06-1736 which was adjudicated in 2006 has no relevance to the claims raised in Plaintiff's complaint pertaining to events that occurred in March 2008.

**B.     SATF-M-08-2326 Satisfied the Exhaustion Requirement**

Plaintiff alternatively argues that his failure to pursue SATF-M-08-2326 through the Director's Level should be excused because prison officials did not respond to his appeal in a timely fashion. The Ninth Circuit has held that a prisoner's failure to timely exhaust his administrative remedies is excused when a prisoner takes reasonable and appropriate steps to exhaust his administrative remedies but is precluded from exhausting not through his own fault, but due to a prison official's mistake. Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (exhaustion excused when prisoner was mistakenly told that he needed to read a Program Statement to pursue his grievance but the Program Statement cited was unavailable to him). Other circuits have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring through misconduct, or fail to respond to a grievance within the policy time limits. See, e.g. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir.2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are

deemed exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir.2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

The Court finds that Plaintiff was excused from exhausting his administrative remedies when prison officials failed to respond to a grievance within CDCR's own time limits. Defendant argues that it was not Defendant's fault that the appeal response was delayed due to personnel shortages; there was no bad faith or deliberate obstruction by prison officials. However, bad faith or deliberate obstruction is not a necessary prerequisite to finding an excuse to the exhaustion requirement. See Nunez, 591 F.3d at 1226 (plaintiff excused from exhaustion by warden's innocent mistake).

The Court notes that Plaintiff received a response to his appeal on September 3, 2008. This action was filed on September 11, 2008. Plaintiff's complaint is dated August 20, 2008, indicating that Plaintiff drafted his complaint before prison officials responded to his appeal. Had prison officials responded before June 11, 2008, as they were required to do by their own time limits, they could have furthered the goals of the PLRA exhaustion requirement by addressing Plaintiff's concerns and possibly persuaded Plaintiff not to file an action in federal court. Instead, prison officials failed to provide Plaintiff with a timely response, forcing Plaintiff to prepare for litigation in federal court. Prison officials' response was nearly three (3) months late, by which time it appears that Plaintiff's complaint was already drafted.[1] Plaintiff made reasonable efforts to use the prison grievances process but the three (3) month delay by prison officials stymied his efforts. Given the circumstances in this case, the Court finds that Plaintiff's obligation to pursue his administrative remedies is excused.

///

///

---

[1] It is worth nothing that it is possible that Plaintiff's complaint had already been mailed by the time prison officials responded to Plaintiff's complaint.

7

### III. Conclusion and Recommendation

The Court finds that Plaintiff's obligation to exhaust his administrative remedies prior to filing his complaint was unreasonably delayed by prison officials. Prison officials did not respond to Plaintiff's appeal until three (3) months after the deadline for providing a response.

Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 15, 2010**                             /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE