# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ARENAS, | CASE NO. 1:08-cv-01351-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| DR. ENANMOH, | (ECF Nos. 39, 69, 70) |
| Defendant. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| / | (ECF No. 1) |

**I.    Procedural History**

Plaintiff Manuel Arenas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on September 11, 2008. On November 22, 2010, Defendant filed a motion to modify the scheduling order and a motion for judgment on the pleadings. The Magistrate Judge denied the motion to amend the scheduling order and set this action for trial.

On April 11, 2011, this action was assigned to the Honorable Lawrence J. O'Neill. After a review of the pleadings, an order issued on April 12, 2011, vacating the order denying Defendant's motion to amend the scheduling order, deeming the motion for judgment on the pleadings submitted, and ordering Plaintiff to file an opposition to the motion for judgment on the pleadings. Plaintiff filed an opposition on July 26, 2011, and Defendant filed a reply on August 3, 2011.

## II. Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at the California Substance Abuse Treatment Facility ("CSATF"), Corcoran. Plaintiff alleges that Defendant Enanmoh was employed at CSATF and was promoted to the position of Chief Medical Officer. Plaintiff has bullet fragments in his brain due to a gunshot wound to his head and suffers severe pain requiring medication. Plaintiff alleges that Defendant Enanmoh, as Chief Medical Officer, was responsible for ensuring that Plaintiff receive his pain medication. Defendant Enanmoh had full knowledge of Plaintiff's serious medical condition, and was aware that without pain medication Plaintiff would suffer severe pain and stress that would bring about a seizure.

On March 6 and 7, 2008, Plaintiff went to the D-facility clinic and was told that his pain medication had been discontinued. On March 10, 2008, Plaintiff alleges that he suffered a seizure due to being denied pain medication. Plaintiff filed an inmate appeal regarding pain medication and was informed that he would be receiving proper pain management and health care services. Plaintiff alleges that Defendant Enanmoh was deliberately indifferent to Plaintiff's serious medical need by failing to act and Plaintiff is being deprived of pain medication, medical treatment, and healthcare services. Plaintiff is seeking injunctive relief preventing Defendant Enanmoh from denying appropriate healthcare services and medical treatment to prevent pain and suffering, and the costs of bringing this action.

## III. Judgment on the Pleadings

### A. Legal Standard

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed – but early enough not to delay trial -- a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) quoting Fajardo v. County of L.A., 179 F.3d 698, 699 (9th Cir. 1999). The court must assume the truthfulness of the material facts alleged in the complaint, Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1053 (9th Cir. 2011), and "treat as

false the allegations in the answer that contradict" the complaint. <u>Elvig v. Calvin Presbyterian Church</u>, 375 F.3d 951, 955 (9th Cir. 2004). All inferences reasonably drawn from these facts must be construed in favor of the responding party. <u>General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church</u>, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009) <u>ref</u>. <u>Heliotrope Gen., Inc. v. Ford Motor Co.</u>, 189 F.3d 971, 978 (9th Cir. 1999).

If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. Pro. 12(c). However, documents submitted with the complaint may be considered as part of the complaint for purposes of a motion for judgment on the pleadings. <u>Hal Roach Studios, Inc. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1555 (9th Cir. 1990). Further, the court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to plaintiff's claim and no party questions the authenticity of the document. <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006).

**B.     Argument**

Defendant Enanmoh brings this motion on the ground that Plaintiff is precluded from bringing this action by a pending class action, <u>Plata v. Schwarzenegger</u>, No. C-01-1351 TEH (N.D.Cal. 2001), of which Plaintiff is a member. Plaintiff alleges that he has a serious medical condition and is a member of the <u>Plata</u> class. Exhibit C, attached to Plaintiff's complaint, specifically references <u>Plata</u>. On February 14, 2006, the medical care at California State Prisons was placed into a receivership. The receiver is responsible for providing leadership and management of the CDCR healthcare delivery system. As such the Receiver has the duty to "control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR." (Memorandum of Points and Authorities in Support of Defendant's Motion for Judgment on the Pleadings 4:2-3.) Defendant requests the Court take judicial notice of the stipulation for injunctive relief and order appointing receiver entered in <u>Plata v. Schwarzenegger</u>, No. C-01-1351 THE (N.D.Cal. 2001). Defendant

1  Enanmoh does not have the power to change policies and procedures relating to the delivery of
2  healthcare in the California prison system. Plaintiff must pursue his claims for injunctive relief as
3  a class member of Plata.
4      Plaintiff argues that since he is seeking costs of bringing the suit he is not seeking only
5  injunctive relief. The injunctive relief set forth in Plata did not encompass any implied waiver of
6  Plaintiff to future events that may arise. Plaintiff retains the unfettered right to opt out of the Plata
7  case by bringing this action.
8      Defendant Enanmoh replies that a plaintiff who is a member of a class action suit for
9  equitable relief may not maintain a separate, individual suit for equitable relief within the same
10 subject matter of the class action. Crawford v. Bell, 599 F.2d 890 (9th Cir. 1979); Gillespie v.
11 Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). Allowing Plaintiff to opt out of the class
12 would interfere with the orderly administration of the class action and risk inconsistent judgments.
13 Gillespie, 858 F.2d at 1103. The Plata class includes all prisoners in the custody of the CDCR,
14 except those incarcerated at Pelican Bay State Prison, and Plaintiff cannot opt out of the Plata class
15 by filing this action.
16     **C.   Discussion**
17     A plaintiff cannot bring an individual suit seeking injunctive and equitable relief from
18 alleged unconstitutional prison conditions that is within the boundaries of an existing class action.
19 Fleming v. Schwarzenegger, No. 08-05011 CW, 2010 WL 3069349 *2 (N.D. Cal. Aug. 4, 2010);
20 see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Long v. Collins, 917 F.2d 3, 4-5
21 (5th Cir. 1990); Goff v. Menke, 672 F.2d 702 (8th Cir. 1987); Groseclose v. Dutton, 829 F.2d 581,
22 584 (6th Cir. 1987). Allowing such suits would interfere with the ongoing class action. McNeil, 945
23 F.2d at 1165. Claims for equitable relief must proceed through the class representative until the class
24 action is terminated or the consent decree is modified. McNeil, 945 F.2d at 1166.
25     Plaintiff's claim is similar to that in Crayton v. Terhune, No. C 90-4386 CRB (PR), 2002 WL
26 31093590 (N.D. Cal. Sept. 17, 2002). In Crayton, an inmate attempted to bring a claim requesting
27 injunctive relief under the Americans With Disabilities Act and Rehabilitation Act. The Court found
28 that the plaintiff's claims fell under a class action, Armstrong v. Davis, No. C 94-2307 CW

4

1  (N.D.Cal.). Because Plaintiff was a member of the Armstrong class and his claims for injunctive
2  relief fell squarely under Armstrong, he was had to pursue his claims through the consent decree or
3  through class counsel. Crayton, No. C 90-4386 CRB (PR) at *4.
4        Initially, the Court must determine if Plaintiff is a member of the Plata class. "A judicially
5  noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known
6  within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination
7  by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
8  Additionally, "a court may take judicial notice of 'matters of public record.'" Lee v. City of Los
9  Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Mack v. South Bay Beer Distrib., 798 F.2d
10 1279, 1282 (9th Cir. 1986). The Court will grant Defendant's request and take judicial notice of the
11 court documents that have been identified in his motion.
12       When initially filed, the Plata class included all inmates incarcerated in California prisons,
13 except those inmates at Pelican Bay State Prison which was under the Court's jurisdiction in a
14 separate action. Plata, No. C01-1351 TEH, 2009WL 799392, at *1 n.2 (N.D.Cal. March 24, 2009).
15 On June 6, 2008, at the stipulation of the parties, the Plaintiff class was expanded to include inmates
16 housed at Pelican Bay State Prison. Id. Plaintiff does not dispute that he is a member of the Plata
17 class, but states that by filing this action he is opting out of the class. Plaintiff is a member of the
18 Plata class and must seek equitable relief that falls within the class action through the class
19 representative. Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999); McNeil, 945 F.2d at 1166.
20       The next inquiry is whether the relief Plaintiff is seeking is within the boundaries of the Plata
21 class action. After conducting evidentiary hearings, the court in Plata established a receiver to take
22 control of delivery of medical services to all California prisoners confined by the CDCR. Plata, No.
23 C01-1351 TEH, 2005 WL 2932253, at *1 (N.D.Cal. Oct. 3, 2005). The relief that Plaintiff seeks in
24 this action, injunctive relief preventing Defendant Enanmoh from denying appropriate healthcare
25 services and medical treatment to prevent pain and suffering, does not clearly fall within the
26 boundaries of Plata. For that reason Defendant's motion for judgment on the pleadings should be
27 denied.
28 ///

### VII. Sua Sponte Screening of Complaint

#### A. Screening Authority

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

On April 30, 2009, Plaintiff's complaint was screened and found to state a cognizable claim against Defendant Enanmoh. On May 18, 2009, the United States Supreme Court issued its decision in Iqbal. The decisions since Iqbal erase any doubt that there has been a significant departure from prior cases holding that a complaint may only be dismissed if it clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). Accordingly, in light of Iqbal, the Court shall exercise its screening authority and sua sponte re-screen Plaintiff's complaint.

#### B. Eighth Amendment Claim

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further,

although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations against Defendant Enanmoh were previously summarized in section II. Plaintiff's claims that Defendant Enanmoh was aware of Plaintiff's serious medical condition and was responsible for ensuring that Plaintiff received pain medication are insufficient to link Defendant Enanmoh to a violation of Plaintiff's rights. Jones, 297 F.3d at 934.

**C.    Injunctive Relief**

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149

(2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

## VIII.  Conclusion and Recommendation

The Court finds that Defendant Enanmoh's motion for judgment on the pleadings should be denied. However, Defendant Enanmoh is entitled to have Plaintiff's complaint dismissed for failure to allege sufficient facts to state a claim upon which relief can be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). In light of the pleading standard changes, the Court recommends that Plaintiff be granted one final opportunity to amend his complaint. <u>Moss</u>, 572 F.3d at 972.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant Enanmoh's motion for judgment on the pleadings, filed November 22, 2010, be DENIED;

2. Plaintiff's complaint, filed September 11, 2008, be DISMISSED, with leave to amend for failure to state a claim; and

3. Plaintiff be granted leave to file a first amended complaint.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 15, 2011**                    /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE