# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ARENAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. ENANMOH,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:08-cv-01351-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 82)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.   Screening Requirement**

Plaintiff Manuel Arenas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the First Amended Complaint, filed March 19, 2012. (ECF No. 82.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
2  544, 555, 127 S. Ct. 1955 (2007)).

3        Under section 1983, Plaintiff must demonstrate that each defendant personally participated
4  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
5  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
8  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
9  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
10 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
11 S. Ct. at 1949.

12 **II.     Complaint Allegations**

13       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and
14 is incarcerated at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff alleges
15 that Defendant Enanmoh was promoted to the position of Chief Medical Officer and was aware that
16 Plaintiff suffered from severe pain and that denial of his pain medication would result in Plaintiff
17 having a seizure. (First Amended Complaint 2, ECF No. 82.)

18       On March 6 and 7, 2008, Plaintiff went to the facility clinic and was informed that his pain
19 medication had been discontinued. Plaintiff suffered a seizure on March 10, 2008, from being
20 denied pain medication. Plaintiff filed an inmate appeal and was informed that he would receive
21 proper pain management and healthcare services. Plaintiff alleges that Defendant Enanmoh was
22 deliberately indifferent to Plaintiff's serious medical needs by failing to act and he is being denied
23 pain medication, medical treatment, and healthcare services. (Id. at 2.) The registered nurses took
24 it upon themselves to deprive Plaintiff of healthcare services. (Id. at 2-3.)

25       Plaintiff alleges that the healthcare provided at the prison is inadequate and displays callous
26 disregard to the health and well being of prisoners, including Plaintiff. On March 6, 2007, Plaintiff
27 went to the clinic because he had not received his medication and was told that the prescription
28 would be filled by noon. On March 7, 2007, Plaintiff went to the clinic and was turned away again.

(Id. at 3.)

On March 10, 2007, Plaintiff went to the clinic with chest pains and was placed in a holding cell, at which time he had a seizure. When Plaintiff came to he was informed that his medication had been discontinued. Plaintiff was seen by a doctor, "who might have been [Defendant] Enanmoh." (Id.) The doctor checked Plaintiff's file, gave him his medication and told Plaintiff that his prescription would be filled on the yard in the morning. Plaintiff received his medication the next morning, but after that he was prescribed Codeine. (Id.) Plaintiff submitted an appeal and the response was delayed and he chose not to pursue it to the second level because appeals are screened out in an attempt to deprive Plaintiff of due process and equal protection and prevent him from presenting the violations of his constitutional rights. (Id. at 5.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim under section 1983. Plaintiff has previously been granted leave to amend his complaint, and has now filed two complaints without alleging facts sufficient to state a cognizable claim. The Court finds that the deficiencies are unable to be cured by amendment, and this action should be dismissed for failure to state a claim.

### III.    Plaintiff's Eighth Amendment Medical Claim

#### A.    Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which

he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

### B.  Discussion

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. Although Plaintiff alleges that he did not receive his medication from March 6 though 10, 2008, he fails to link Defendant Enanmoh to the denial of the medication on these dates, or at any other time.

It is clear from the allegation that Plaintiff was seen by a doctor "who might have been [Defendant] Enanmoh" that Plaintiff is not aware of who treated him following his seizure on March 10, 2008. (First Amended Complaint at 3.) Plaintiff's speculation that Defendant Enanmoh might have treated him is insufficient to state a cognizable claim. Additionally, the doctor who treated Plaintiff gave him his medication and informed Plaintiff that he would receive the medication the next morning. Plaintiff did receive his medication the following day.

While Plaintiff states he is being denied medication, he also states that he has been provided with Codeine. A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

Finally, while Plaintiff complains that the medical care at the prison is inadequate to meet the needs of the inmates, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff's conclusory statements are insufficient to show that Defendant Enanmoh has done anything to deny, delay or intentionally interfere with Plaintiff's medical treatment or provided inadequate medical care to Plaintiff. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Plaintiff has failed to state a cognizable claim against Defendant Enanmoh.

## VI. Conclusion and Recommnedation

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under section 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __April 3, 2012__     /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE