# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ARENAS, | CASE NO. 1:08-cv-01351-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| DR. ENANMOH, | (ECF No. 82) |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

**I.      Screening Requirement**

Plaintiff Manuel Arenas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the First Amended Complaint, filed March 19, 2012.  (ECF No. 82.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2  544, 555, 127 S. Ct. 1955 (2007)).

3        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

5  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

9  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

11  S. Ct. at 1949.

12  **II.   Complaint Allegations**

13        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

14  is incarcerated at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff alleges

15  that Defendant Enanmoh was promoted to the position of Chief Medical Officer and was aware that

16  Plaintiff suffered from severe pain and that denial of his pain medication would result in Plaintiff

17  having a seizure. (First Amended Complaint 2, ECF No. 82.)

18        On March 6 and 7, 2008, Plaintiff went to the facility clinic and was informed that his pain

19  medication had been discontinued. Plaintiff suffered a seizure on March 10, 2008, from being

20  denied pain medication. Plaintiff filed an inmate appeal and was informed that he would receive

21  proper pain management and healthcare services. Plaintiff alleges that Defendant Enanmoh was

22  deliberately indifferent to Plaintiff's serious medical needs by failing to act and he is being denied

23  pain medication, medical treatment, and healthcare services. (Id. at 2.) The registered nurses took

24  it upon themselves to deprive Plaintiff of healthcare services. (Id. at 2-3.)

25        Plaintiff alleges that the healthcare provided at the prison is inadequate and displays callous

26  disregard to the health and well being of prisoners, including Plaintiff. On March 6, 2007, Plaintiff

27  went to the clinic because he had not received his medication and was told that the prescription

28  would be filled by noon. On March 7, 2007, Plaintiff went to the clinic and was turned away again.

1  (Id. at 3.)

2       On March 10, 2007, Plaintiff went to the clinic with chest pains and was placed in a holding

3  cell, at which time he had a seizure.  When Plaintiff came to he was informed that his medication

4  had been discontinued.  Plaintiff was seen by a doctor, "who might have been [Defendant]

5  Enanmoh."  (Id.)  The doctor checked Plaintiff's file, gave him his medication and told Plaintiff that

6  his prescription would be filled on the yard in the morning.  Plaintiff received his medication the

7  next morning, but after that he was prescribed Codeine.  (Id.)  Plaintiff submitted an appeal and the

8  response was delayed and he chose not to pursue it to the second level because appeals are screened

9  out in an attempt to deprive Plaintiff of due process and equal protection and prevent him from

10 presenting the violations of his constitutional rights.  (Id. at 5.)

11      For the reasons set forth below, Plaintiff has failed to state a cognizable claim under section

12 1983.  Plaintiff has previously been granted leave to amend his complaint, and has now filed two

13 complaints without alleging facts sufficient to state a cognizable claim.  The Court finds that the

14 deficiencies are unable to be cured by amendment, and this action should be dismissed for failure

15 to state a claim.

16 **III.    Plaintiff's Eighth Amendment Medical Claim**

17      **A.      Legal Standard**

18      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

19 must show "deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

20 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two

21 part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by

22 demonstrating that failure to treat a prisoner's condition could result in further significant injury or

23 the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

24 deliberately indifferent."  Jett, 439 F.3d at 1096.

25      Deliberate indifference is shown where the official is aware of a serious medical need and

26 fails to adequately respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir.

27 2010).  "Deliberate indifference is a high legal standard."  Simmons, 609 F.3d at 1019; Toguchi v.

28 Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which

3

1  he could make an inference that "a substantial risk of serious harm exists" and he must make the

2  inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

3      **B.    Discussion**

4       Government officials may not be held liable for the actions of their subordinates under a

5  theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be held

6  liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the

7  official has violated the Constitution through his own individual actions.  Id. at 1948.  Although

8  Plaintiff alleges that he did not receive his medication from March 6 though 10, 2008, he fails to link

9  Defendant Enanmoh to the denial of the medication on these dates, or at any other time.

10      It is clear from the allegation that Plaintiff was seen by a doctor  "who might have been

11  [Defendant] Enanmoh" that Plaintiff is not aware of who treated him following his seizure on March

12  10, 2008. (First Amended Complaint at 3.)  Plaintiff's speculation that Defendant Enanmoh might

13  have treated him is insufficient to state a cognizable claim.  Additionally, the doctor who treated

14  Plaintiff gave him his medication and informed Plaintiff that he would receive the medication the

15  next morning.  Plaintiff did receive his medication the following day.

16      While Plaintiff states he is being denied medication, he also states that he has been provided

17  with Codeine.  A difference of opinion between a prisoner and prison medical authorities as to

18  proper treatment does not give rise to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir.

19  1981);  Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

20      Finally, while Plaintiff complains that the medical care at the prison is inadequate to meet

21  the needs of the inmates, "[t]hreadbare recitals of the elements of a cause of action, supported by

22  mere conclusory statements, do not suffice" to state a claim.  Iqbal, 129 S. Ct. at 1949 (quoting

23  Twombly, 550 U.S. at 555).  Plaintiff's conclusory statements are insufficient to show that

24  Defendant Enanmoh has done anything to deny, delay or intentionally interfere with Plaintiff's

25  medical treatment or provided inadequate medical care to Plaintiff.  McGuckin v. Smith, 974 F.2d

26  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

27  1136 (9th Cir. 1997) (en banc).  Plaintiff has failed to state a cognizable claim against Defendant

28  Enanmoh.

1    **VI.    Conclusion and Recommnedation**

2        The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon

3    which relief can be granted under section 1983.  Under Rule 15(a) of the Federal Rules of Civil

4    Procedure, leave to amend 'shall be freely given when justice so requires.'"  In addition, "[l]eave to

5    amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez

6    v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action

7    Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court.

8    Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient

9    to state a claim under section 1983.  The Court finds that the deficiencies outlined above are not

10   capable of being cured by amendment, and therefore further leave to amend should not be granted.

11   28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

12       Accordingly, based on the foregoing, the Court  HEREBY RECOMMENDS that this action

13   be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be

14   granted.

15       These findings and recommendations will be submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

17   days after being served with these findings and recommendations, Plaintiff may file written

18   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

19   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

20   specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

21   1153 (9th Cir. 1991).

22       IT IS SO ORDERED.

23   **Dated:    April 3, 2012**          **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE

5